**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                        **Case No.  04-20118-JWL**

**STEPHAN T. BISHOP**

    **Defendant.**

**MEMORANDUM AND ORDER**

Stephan Bishop was convicted by a jury of being a felon in possession of a firearm and ammunition, Count 1, as well of as six counts of witness tampering, Counts 2-7. At trial, defendant was represented by Michael Harris of the Office of the Federal Public Defender, but after defendant was convicted, Mr. Harris discovered a conflict of interest with another client that required him to withdraw. On January 25, 2005, the court appointed James George to succeed Mr. Harris, and the court directed Mr. George to file any post-trial motions by February 1, 2005 with an extended deadline to file any memorandum in support because Mr. George had not yet reviewed the trial transcript. On January 31, 2005, "Defendant's Motion for Judgment of Acquittal or, alternatively, for a New Trial or, alternatively, for Arrest of Judgment" was filed with the court (Doc. # 58), and then on March 13, 2005, defendant filed his memorandum in support of his motion (Doc. # 60).[1] In his memorandum, defendant argues

---

[1] As defendant was required to file a motion six days after having new counsel appointed, defendant's motion is understandably broad. In defendant's memorandum in

for a new trial on Count 1 because even though evidence was presented that defendant unlawfully possessed a firearm and ammunition, the language of the indictment is such that a reasonable person would have read it to charge defendant only with possession of a 9mm pistol while being a convicted felon, and therefore, the court erred by instructing the jury to decide on unlawful possession of ammunition. Defendant also moves for a new trial on Counts 2-7 because the e-mails provided by Emily Black that were admitted during her re-direct examination were not produced to defendant before trial in violation of Federal Rule of Criminal Procedure 16, and therefore, these e-mails were improperly admitted.

---

support of his motion, counsel, after time to review the trial transcript, only makes arguments in support of a new trial. The court deems the arguments for a judgment of acquittal and for arrest of judgement abandoned, and therefore, the court need not address these arguments. *See Schunk. v. United Fin. Mortg. Corp.*, 2001WL 474299, at *4 n. 12 (D. Kan. April 11, 2002)(citing *Scott v. Hern*, 216 F.3d 897, 941 n. 7 (10th Cir. 2000) (the court will not sift through the record in an attempt to construct legal arguments or theories); D. Kan. Rule 7.6(a)(4) (requiring briefs and memorandum to refer to all statutes, rules and authorities relied upon). Even if defendant had not abandoned these arguments, the court would not have granted defendant's motion for judgment of acquittal because there was sufficient evidence for the jury to convict defendant on all counts, and the court would have denied defendant's motion for arrest of judgment because the indictment properly charged defendant with being a felon in possession of a firearm and/or ammunition and witness tampering. *See United States v. Magleby,* 241 F.3d 1306, 1311 (10th Cir. 2001) (quoting *United States v. Springfield,* 196 F.3d 1180, 1184 (10th Cir. 1999)) (the court "must ask 'only whether taking the evidence-- both direct and circumstantial, together with the reasonable inferences to be drawn therefrom-- in the light most favorable to the government, a reasonable jury could find [defendant] guilty beyond a reasonable doubt.' "); Fed. R. Crim. P. 34 ("The court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged."). Also, defendant does not specify any evidence that he believes was excluded erroneously, and the court does not recall any independently, so therefore, the court finds that no relief would be merited on that basis either.

The court denies defendant's motion for a new trial because the instructions did not amend the indictment to include possession of ammunition and because the e-mails provided by Ms. Black were properly introduced into evidence on the second day of trial.

## I.     Standard for a New Trial

Federal Rule of Criminal Procedure 33 provides that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed. R. Crim. P. 33. "A motion for new trial under Fed. R. Crim. P. 33 is not regarded with favor and should be granted only with great caution." *United States v. Custodio,* 141 F.3d 965, 966 (10th Cir. 1998) (further quotation and citation omitted). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. *United States v. Stevens,* 978 F.2d 565, 570 (10th Cir. 1992).

In reviewing jury instructions, the court must determine if the instructions properly state the law and provide the jury with ample understanding of the issues and the standards applicable. *Big Horn Coal Co. v. Commonwealth Edison Co.,* 852 F.2d 1259, 1271 (10th Cir. 1988). The instructions must cover the issues presented by the evidence and accurately state the law. *United States v. Davis,* 953 F.2d 1482, 1492 (10th Cir. 1992). Moreover, the court should not grant a new trial unless it has "substantial doubt that the jury was fairly guided." *United States v. Guidry,* 199 F.3d 1150, 1156 (10th Cir. 1999).

When deciding whether or not to apply sanctions for a violation of Federal Rule of Criminal Procedure 16, the decision is committed to the sound discretion of the court.     *See*

*United States v. Charley*, 189 F.3d 1251, 1261-62 (10th Cir. 1999).  "In selecting a proper sanction, a court should typically consider (1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to defendant as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance." *United States v. Gonzales,* 164 F.3d 1285, 1292 (10th Cir.1999); *see Wicker,* 848 F.2d at 1061.  "Frequently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed."  *Charles*, 189 F.3d at 1262 (quoting 2 Charles Alan Wright, *Federal Practice and Procedure* § 260, at 121-22 (1982)).

**II.  Analysis**

Defendant moves the court for a new trial on Count 1 because the indictment was constructively amended to include possession of ammunition while being a felon, and moves the court for a new trial on Counts 2-7 because e-mails were improperly admitted that should have been excluded because of prosecutorial misconduct.  The court disagrees and denies defendant's motion in whole.

4

### 2. Constructive Amendment of the Indictment

Defendant moves the court for a new trial on Count 1, arguing that the indictment was constructively amended to include possession of one round of .38 caliber ammunition, when the indictment only specifically accused him of possessing a 9mm pistol, and therefore, the jury instructions were erroneous when they asked the jury to decide whether defendant unlawfully possessed any ammunition. The indictment, in Count 1, read:

> On or about April 3, 2004, in the District of Kansas, the defendant,
>
> ### STEPHAN T. BISHOP,
>
> a person who had been convicted in 1985 in the District Court of Bourbon County, Kansas, case number 85CR134, of Aggravated Assault and Aggravated Burglary, and case number 85CR200, of Aggravated Kidnapping and Aggravated Assault, all crimes punishable under the laws of the state of Kansas by imprisonment for a term exceeding one year, and that was last released from confinement for said offenses on or about July 3, 2003, did unlawfully and knowingly possess in and affecting commerce and receive any ammunition and firearm which has been shipped or transported in interstate commerce, that is, a Hi-Point, 9mm pistol, serial number P117787, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The prohibition on constructive amendments is derived from the Fifth Amendment, which limits a defendant's jeopardy to offenses charged by a grand jury, and the Sixth Amendment, which guarantees the defendant notice of the charges against him. *United States v. Moore,* 198 F.3d 793, 795 (10th Cir. 1999). A constructive amendment occurs when the government, through evidence presented at trial, or the district court, through instructions to the jury, broadens the basis for a defendant's conviction beyond acts charged in the indictment.

5

*United State. v. Tieu*, 279 F.3d 917, 921 (10th Cir. 2002); *United States v. Gauvin,* 173 F.3d 798, 805 (10th Cir. 1999). To constitute a constructive amendment, the district court proceedings must modify an essential element of the offense or raise the possibility the defendant was convicted of an offense other than that charged in the indictment. *Gauvin*, 173 F.3d at 805. Where an indictment properly pleads violation of a statute, and the defendant was not misled about the nature of the charges, his substantive rights are not prejudiced. *Tieu*, 279 F.3d at 921; *Moore,* 198 F.3d at 795.

Here, the indictment clearly charges a violation of 18 U.S.C. § 922(g)(1), so the indictment properly pleads violation of a statute. The issue is whether defendant was misled regarding being charged with possession of ammunition, and at what point the court is to examine whether defendant was misled. In the *Tieu* case, the defendant was convicted of being a felon in possession of a firearm and ammunition, and the defendant argued that the indictment was constructively amended to include possession of ammunition when the indictment charged the defendant with possession of "a firearm and semi-automatic weapon, as defined in 18 U.S.C. Section 921(a)(3) and (30), to wit, a INTRATEC 9mm pistol TEC-DC9, serial number D073183, *with* a magazine containing 35mm rounds of ammunition, all in violation of 18 U.S.C. § 922(g)(1)." 279 F.3d at 920 (emphasis added). The *Tieu* court, examining whether the defendant had been misled regarding the charges, focused on the fact that at trial the defendant introduced evidence challenging his knowing possession of both the firearm and the ammunition. Based upon the *Tieu* case, the court believes that the Tenth Circuit, when

deciding whether a defendant has been misled regarding charges, focuses on the ability of a defendant at trial to understand the charges and defend himself or herself.

In this case, analyzing the "misled" aspect of the *Tieu* criteria has two ramifications. One, to the extent that defendant might have pled guilty had he been certain that he was charged with possession of the .38 caliber bullet, as it was found in his pocket, and second, the extent to which defendant might have filed a suppression motion.  As to the first, defendant was not misled about the indictment because he knew that there was a legal issue regarding whether or not he was properly charged with possession of the bullet, and defendant made the tactical choice to challenge the indictment once jeopardy attached.

With regard to the suppression question, there were no grounds to challenge the search where the bullet was found based upon reasonableness, as the bullet was found while defendant was searched at the police station after he had been arrested in connection with the firearm found under the passenger's seat of the car where he was the only passenger.  Therefore, the court finds that defendant's failure to file a motion to suppress the .38 caliber bullet was not the result of having been misled, but instead, was a tactical choice, like not filing a motion for a bill of particulars, because there were no grounds for suppression.

Also, discovery, consisting of an interstate nexus report for the .38 caliber bullet, the affidavit supporting the complaint, the verdict form that was proposed by the government and the language of the indictment, which, although imperfectly drafted, certainly stated that defendant unlawfully possessed ammunition, gave defendant notice that he needed to defend against being charged with being a felon in possession of ammunition.

For the reasons set forth above, the court finds that the indictment was not constructively amended to include ammunition. As the indictment was not constructively amended, the jury instructions were not erroneous when they asked the jury to find whether or not defendant possessed any ammunition while he was a felon. However, even if the indictment was constructively amended to include ammunition, a new trial is not warranted because it would be harmless error. *See United State v. Prentiss*, 256 F.3d 971, 983-84 (10th Cir. 2001). In the special verdict form, the jury unanimously found that defendant possessed the 9mm pistol as well as the .38 caliber bullet. Based solely upon the jury's finding that defendant possessed the 9mm pistol, defendant is guilty of violating 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms and ammunition.

### B. Rule 16 Violation

Defendant also argues that a new trial is warranted on Counts 2-7 because Assistant Untied States Attorney ("AUSA") Terra Morehead engaged in prosecutorial misconduct which prejudiced defendant's right to a fair trial by violating Federal Rule of Criminal Procedure 16 when she sought the admission of e-mails during the re-direct examination of Emily Black that had not previously been produced to defendant, government's exhibits 14-16. When analyzing a claim of prosecutorial misconduct the court decides whether the conduct was improper, and if so, whether the conduct warrants reversal. *United States v. Gordon,* 173 F.3d 761, 769 (10th Cir. 1999). Applying these considerations to the facts in this case, the court finds that the ends of justice do not require a new trial.

8

Here, Ms. Black was examined by AUSA Morehead and then cross-examined by defense counsel regarding various recorded telephone messages and e-mails that were alleged to contain threats from defendant.  During the course of cross-examination, defense counsel asked questions implying that any threats made in the e-mails did not relate to Ms. Black's possible testimony against defendant, but instead, any possible threats related to the former romantic relationship between Ms. Black and defendant, and defense counsel suggested that the jury would  not be able to understand the full meaning of the e-mails presented by Ms. Black outside of the context of the complete thread of e-mails. While the court was in recess for the day, AUSA Morehead received additional e-mails from Ms. Black, which were used during the re-direct of Ms. Black on the second day of trial and admitted into evidence.

Defendant argues that AUSA Morehead's production of e-mails during trial violated Federal Rule of Criminal Procedure 16.  Rule 16(a)(1)(E), which governs the production of documents and objects, states that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Defendant does not allege, nor is there evidence that the e-mails challenged by defendant where in the government's possession, custody, or control. In fact, there is not evidence that the government was aware that these documents existed until after the conclusion

of the first day of trial. As the e-mails were not in the government's possession, custody, or control, the government's failure to produce them before trial did not violate Rule 16(a)(1)(E).

Defendant also argues that the government did not promptly notify the court and counsel of the e-mails introduced on the second day of trial, and thereby the government violated Federal Rule of Criminal Procedure 16(c). While the government did not disclose the new e-mails to defendant before the beginning of the second day of trial, the e-mails were produced to defendant approximately twenty minutes into the proceedings. The court believes that this was a sufficiently prompt production of new materials.

Even if the court were to assume that the government violated Rule 16(c), a new trial would not be warranted for Counts 2-7 because defendant was not prejudiced. *See Gordon,* 173 F.3d at 769. Defense counsel asked the court for a recess to review the e-mails and discuss them with his client before the re-cross-examination of Ms. Black, and defense counsel stated that he might need to request a continuance. After Ms. Black's re-direct examination, the court granted defendant's request for a recess. Defense counsel then re-cross-examined Ms. Black without requesting a continuance.

Because the government's conduct was not improper, the court properly admitted government's exhibits 14-16, and therefore, the court denies defendant's motion for a new trial. However, even if the government's conduct was improper, exclusion of the e-mails in question would not be warranted, nor would defendant's request for a new trial.

10

### III.   Conclusion

The court finds that the indictment was not constructively amended to included possession of ammunition, and therefore the court denies defendant's motion for a new trial. But, even if the indictment was constructively amended, a new trial is not warranted because the jury unanimously found that defendant possessed a firearm while he was a felon. The court also finds that the government did not violate Rule 16 in connection with the e-mails, and that even if the government did, the evidence at issue should not have been excluded because the court was able to cure any prejudice to defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that "Defendant's Motion for Judgment of Acquittal or, alternatively, for a New Trial or, alternatively, for Arrest of Judgment" (Doc. # 58) is denied.

**IT IS SO ORDERED** this 4th day of April, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge